**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| R.B., a minor, by his mother MARY BONDS, and LAWRENCE BOCLAIRE, | ) | |
| | ) | Case No. 10-c-3813 |
| Plaintiffs, | ) | |
| v. | ) | Honorable George W. Lindberg |
| ROBERT KELLEY, CHRIS GOFRON, IVORY JACKSON, and THE CITY OF CHICAGO, | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff, R.B., by his mother, MARY BONDS ("R.B." or "Plaintiff), was and now is a citizen of the United States and resides within the jurisdiction of this Court.

4. At all times herein mentioned, LAWRENCE BOCLAIRE ("BOCLAIRE" or "Plaintiff), was and now is a citizen of the United States and resides within the jurisdiction of this Court.

5. At all times herein mentioned, OFFICER ROBERT KELLEY, Star No. 5689 (hereinafter "KELLEY") was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, OFFICER CHRIS GOFRON, Star No. 18705 (hereinafter "GOFRON") was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago. This Defendant is being sued in his individual capacity.

7. At all times herein mentioned, IVORY JACKSON, (hereinafter "JACKSON") was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago. This Defendant is being sued in his individual capacity.

8. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO Police Department.

## FACTUAL ALLEGATIONS

9. On May 16, 2010, Plaintiffs were lawfully in the home of DONNA BOCLAIRE, located at 636 W. 57th St., 2nd Floor, in the City of Chicago, County of Cook, State of Illinois.

10. On that day and place, the Individual Defendants detained Plaintiffs.

11. Plaintiffs did not consent to being detained.

12. There was no reasonable suspicion or other legal cause for detaining Plaintiffs.

13. On that day and place, one of the Individual Defendants punched both Plaintiffs.

14. There was no legal cause for this officer to use any force against Plaintiffs.

15. The other Individual Defendants witnessed this force being used against Plaintiffs and did nothing to prevent or stop it, despite their ability to do so.

16. On that day and place, all Individual Defendants pointed guns at Plaintiffs without any cause or justification.

17. On that day and place, the Individual Defendants arrested Plaintiffs.

18. Plaintiffs did not consent to being arrested.

19. There were no outstanding arrest warrants for Plaintiff.

20. There was no legal cause to arrest Plaintiffs.

21. Plaintiffs were transported to the Juvenile Intervention Support Center where they were imprisoned.

22. On May 16, 2010 and continuing thereafter, the Individual Defendants caused false criminal charges to be brought and continued against Plaintiffs for theft.

23. On June 7, 2010, the charges terminated in Plaintiffs' favor.

24. By reason of Defendant's above-described acts and omissions, Plaintiffs sustained injuries, including but not limited to physical injuries, humiliation and indignities, and mental and emotional pain and suffering all to their damage in an amount to be ascertained.

25. Defendants' aforementioned acts were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

26. By reason of Defendants' above-described acts and omissions, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in this action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**Against Individual Defendants for Unlawful Detention**

27. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

28. By reason of the Individual Defendants' conduct, Plaintiffs were deprived of rights, privileges, and immunities secured to them by the Fourth Amendment and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

29. The Individual Defendants detained Plaintiffs unreasonably and without reasonable suspicion or other legal cause. Therefore, the Individual Defendants are liable for this detention under 42 U.S.C. § 1983.

**COUNT II**
**Against Individual Defendants for False Arrest**

30. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

31. By reason of the Individual Defendants' conduct, Plaintiffs were deprived of rights, privileges, and immunities secured to them by the Fourth Amendment and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

32. The Individual Defendants caused the arrest of Plaintiffs unreasonably and without probable cause. Therefore, the Individual Defendants are liable for this arrest under 42 U.S.C. § 1983.

**COUNT III**
**Against Individual Defendants for Excessive Force and Failure to Protect**

33. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

34. By reason of the Defendant's conduct, Plaintiffs were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws enacted thereunder.

35. Defendants violated Plaintiffs' Fourth and Fourteenth Amendment Rights by using physical violence that was excessive, unnecessary, and unreasonable, and/or by failing to protect them from excessive force, despite a reasonable ability to do so. Therefore, Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

**COUNT IV**
**Against All Defendants for the Supplemental State Claim of Malicious Prosecution**

36. Plaintiffs hereby incorporate and re-allege paragraphs (1) through twenty-five (25) hereat as though fully alleged at this place.

37. The Individual Defendants caused a criminal charge of theft to be filed against each Plaintiff.

38. The Individual Defendants, employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued these proceedings against Plaintiffs without probable cause.

39. The Individual Defendants facilitated this malicious prosecution by the creation of false criminal complaints, by creating false police reports, and/or by giving false information or testimony.

40. The above-mentioned criminal proceedings against Plaintiffs were terminated in their favor.

41. The CITY OF CHICAGO is liable to Plaintiffs for the acts of the Individual Defendants, pursuant to the doctrine of *respondeat superior*.

42. Therefore, all Defendants are liable under the state supplemental claim of Malicious Prosecution.

**COUNT V**
**Against JACKSON for the Supplemental State Claim of Battery**

43. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-five (25) hereat as though fully alleged at this place.

44. JACKSON, without any legal cause, punched both Plaintiffs, which caused them bodily harm and therefore constituted a battery.

45. As a result of this battery, Plaintiffs were injured physically, emotionally, and otherwise.

46. As a result, the Individual Defendants are liable to Plaintiffs for the Illinois state law claim of battery.

47. The City of Chicago is liable to Plaintiffs for battery, as the Individual Defendants were its employees, pursuant to the doctrine of *respondeat superior*.

48. Therefore, all Defendants are liable to Plaintiffs under the supplemental state law claim of battery.

**COUNT VI**
**Against All Defendants for the Supplemental State Claim of Assault**

49. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-five (25) hereat as though fully alleged at this place.

50. The Individual Defendants, without any legal cause, put Plaintiffs in imminent fear of being battered by their guns.

51. The actions of the Individual Defendants constituted an assault on Plaintiffs.

52. As a result of the assault, Plaintiffs were injured physically, emotionally, and otherwise.

53. As a result, the Individual Defendants are liable to Plaintiffs for the Illinois state law claim of assault.

54. The City of Chicago is liable to Plaintiffs for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

55. Therefore, all Defendants are liable to Plaintiffs under the supplemental state law claim of assault.

WHEREFORE, Plaintiffs, by and through their attorneys, Ed Fox & Associates, request judgment as follows against the Defendants, and each of them on all claims:

1. That Defendants be required to pay Plaintiffs general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay Plaintiffs special damages;

3. That Defendants be required to pay Plaintiffs' attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Individual Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That Defendants be required to pay Plaintiffs costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/Julie M. Owen
Julie M. Owen

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams, Suite 330
Chicago, Illinois 60606
P: (312) 345-8877
F: (312) 853-3489
jowen@efox-law.com

**PLAINTIFF REQUESTS A TRIAL BY JURY**

/s/Julie M. Owen
Julie M. Owen

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams, Suite 330
Chicago, Illinois 60606
P: (312) 345-8877
F: (312) 853-3489
jowen@efox-law.com